OPINION
Darrell Ray, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. 2950.09(C). Appellant appeals, assigning a single error:
 THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR.
The evidence before the court at the sexual predator hearing was stipulated as follows: certified copies of the indictment, findings of the jury and the sentencing entry, a transcript of the trial and records from the Department of Correction, including a post-sentence investigation report prepared by a state probation officer.
In May 1991, appellant was indicted on multiple counts of rape and kidnapping involving a fifteen-year-old minor. Those counts included fifteen counts of rape and one count of kidnapping. After a jury trial, appellant was found guilty of all sixteen counts and sentenced to sixteen consecutive terms of ten to twenty-five years incarceration.
On July 13, 2000, appellant appeared before the Franklin County Court of Common Pleas, resulting in a finding that he is a sexual predator.
The transcript discloses the victim of the crime was a fifteen-year-old female. Appellant was found guilty of raping the victim fifteen times vaginally, anally and orally. The trial transcript indicates the victim endured these repeated sexual acts over a period of many hours, often being sexually assaulted by more than one assailant at a time. A veteran policeman described the victim as having been beaten to a pulp, and the examining physician called the assault the worst case of sexual abuse she had ever seen.
The transcript discloses that appellant and two co-defendants took the fifteen-year-old victim to an abandoned house, where for several hours he and his co-defendants repeatedly raped the girl, forcing her to perform oral, vaginal, and anal intercourse, sometimes simultaneously. The victim was severely beaten during the sexually violent assault, suffering a laceration of the left cheek, a contusion of the right cheek, a contusion of the right arm, and vaginal and rectal tearing. Appellant alone engaged in six separate sexual assaults, including oral, vaginal, and anal intercourse. Appellant forced the victim to perform fellatio on a co-defendant while he engaged in anal intercourse with her and forced her to perform fellatio on another co-defendant as he engaged in vaginal intercourse with her.
At about 4:00 a.m., appellant walked the victim to his home, while she was wearing his shirt and a ripped pillowcase around her waist. Appellant again raped the victim, forcing anal and vaginal intercourse and cunnilingus. Later he forced anal intercourse again.
At about 7:00 a.m., defendant walked the victim back to the abandoned house. When she said she could not take it again, he asked her if she wanted him to call the others back. He then forced anal intercourse again. Thus, we have a long period of separate and violent rapes, kidnapping and cruelty, resulting in severe physical and physiological damage to the victim.
Prior to the crimes in question, appellant had convictions of assault, domestic violence, and resisting arrest. During appellant's incarceration, he has received eight disciplinary complaints, two of which involved threatening comments, one for possession of homemade wine, and the others for discourteous remarks to the staff.
The Department of Correction's report submitted by appellant indicates he has completed numerous treatment programs, including the "Cage Your Rage" program for anger management, and several programs to improve self-esteem. He has also completed five years of a sexual predator treatment program. The director of the Polaris Program deemed that because of appellant's extensive treatment history, it was unnecessary for appellant to enroll in the residential portion of the program and he was advanced to the after-care stage.
The trial court carefully examined the factors that the court must consider in determining whether appellant should be found a sexual predator by clear and convincing evidence. Those factors are set forth in R.C. 2950.09(B)(2). The factors applicable to this case indicating a propensity to be a repeat sexual offender are the respective ages of appellant and his victim (twenty-six years versus fifteen years of age), the degree of cruelty demonstrated by appellant and the two other men who assaulted the victim, and appellant's past convictions for assault, domestic violence, and resisting arrest. Although there was only one series of connected crimes, they extended over a long period of time and were of an incredibly abusive and cruel nature, involving both physical violence and threats of additional cruelty.
The trial court weighed the evidence indicating a propensity for being a repeat sexual offender against the fact that appellant had no prior record for committing sexually oriented offenses, appellant did not use alcohol or drugs to overcome resistance, that he is not suffering from any known mental disability, as well as the evidence that appellant has successfully completed rehabilitative courses.
After weighing all the evidence, the trial court found by clear and convincing evidence that the totality, including the age of the victim, multiple sex acts suffered by the victim at the hands of appellant, the pattern of abuse and cruelty which was demonstrated, as well as appellant's previous record for violence, outweighs the fact that appellant has successfully completed various self-esteem and sex offender programs while incarcerated.
The trial court did not abuse its discretion in concluding there was clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses.
In State v. Eppinger (2001), 91 Ohio St.3d 158, 167, the Ohio Supreme Court observed that "it is possible that one sexually oriented conviction alone can support a sexual predator adjudication." In this case, appellant engaged in a series of sexual crimes extending over a nine-hour period of multiple instances of various forms of cruel rape, violence, and kidnapping. The case involves a twenty-six-year-old who had previous convictions for forms of violence, albeit ones that technically do not fall within the sexual predator statute, and the victim was a fifteen-year-old minor. It is also important to note the trial court carefully perused the trial transcript, which was provided for their review, so that the evidence concerning the actual activities of appellant on the night in question was clearly before the court.
Whether appellant participated in available programs for sexual offenders is a factor to consider, but it may be weighed against other evidence which strongly indicates appellant's propensity to commit future sex offenses. A trial court acts within its discretion when it finds the individual to be a sexual predator based on clear and convincing evidence, even though the individual has completed various counseling programs, including a sex offender program while incarcerated. See State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported.
Consistent with prior opinions of this court and the Ohio Supreme Court's recent holding in Eppinger, supra, we overrule appellant's single assignment of error and affirm the judgment of the trial court.
 __________________ McCORMAC, J.
TYACK and DESHLER, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.